UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**CARLO SERRANO**, an individual

    Plaintiff,

vs.

**GEORGE H. HENRY**, an individual

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Carlo Serrano, by and through the undersigned counsel, hereby files this Complaint and sues defendant, George H. Henry, and in support thereof, states as follows:

## JURISDICTION

1. The claims herein asserted arise under Section 10(b) of the Securities and Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78 and 10b-5 thereunder, 17 C.F.R. § 240.10b-5, Florida Statutes § 517.301 and Florida common law.

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the Exchange Act, 15 U.S.C. §78aa and 28 U.S.C. § 1331; and pursuant to supplemental jurisdiction under 28 U.S.C. §1367, because said claims "are so related . . . that they form part of the same case or controversy."

3. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1331.  As noted below, defendant resides in this District.

4.     In connection with the acts and conduct alleged herein, defendant, directly and indirectly, used the means, facilities and instrumentalities of interstate commerce, including but not limited to: banks, wires, mail, e-mail, internet, interstate telephone communications, and interstate modes of travel (such as air travel).

## PARTIES

5.     Plaintiff, Carlo Serrano, is an individual residing in the County of Miami-Dade, State of Florida.

6.     Defendant, George Henry, is an individual residing in the County of Miami-Dade, State of Florida, is doing business in Miami-Dade County, Florida. At all times material to this complaint, defendant held himself out to plaintiff and others as the controlling member and chief executive officer of Pacific Media Direct LLC ("Pacific Media"), a Nevada limited liability company.

## FACTS IN COMMON TO ALL COUNTS

7.     Upon information and belief, Pacific Media, a wholly owned subsidiary of Access Television Network ("Access Television"), was created to pursue product development and marketing for Amari Cream ("Amari"), a cream that claimed to act as a barrier against viruses that carry sexually transmitted diseases.

8.     In or about February 2009, defendant solicited plaintiff to invest in Pacific Media. As was explained by defendant to plaintiff, Amari was a marketable product being manufactured for sale.

9. The Amari project was being funded in part by Pacific Media's parent company, Access Television and numerous private placement offerings solicited by defendant in his capacity as the chief executive officer of Access Television and Pacific Media.

10. Defendant stated that the sole purpose of the private placement offerings was to infuse additional cash resources for the development of the Amari project. (A copy of the Subscription Agreement, dated March 10, 2009 ("Agreement") is annexed hereto as Exhibit "A").

11. The Agreement provides at Section 3(d) Use of Proceeds as follows:

> The Purchaser understands that the Corporation intends to use the proceeds from the sale of the Senior Notes to retire approximately $1.5M of term loan obligation to Gladstone Capital with the remaining balance use for working capital.

(See Exhibit "A").

12. According to the Agreement, (i) the investment would earn 10% annual interest and interest would be paid quarterly; (ii) royalties and other incentive payments would be paid based upon the actual sales of Amari; and (iii) the Senior Note matured on March 30, 2012.

13. In conjunction with the Agreement, defendant provided plaintiff with an offering memorandum dated January 2009. (A copy of the "Confidential Memorandum" dated January 2009 is annexed hereto as Exhibit "B").

14. The Confidential Memorandum upon which plaintiff relied in deciding whether to invest in Pacific Media disclosed numerous false, misleading and/or exaggerated facts and statements as follows:

3

Keith D. Silverstein, P.A. ● 1177 Kane Concourse, Suite 230 ● Bay Harbor Islands, FL 33154
(T) (305) 868-0200 ● (F) (305) 868-1045

    a.    That interest will be paid quarterly at a rate of 6.00% and will be senior to all existing and future debt of Pacific Media;

    b.    That the offering will pay a quarterly royalty of product sales of Amari at a rate of 6% of net sales;

    c.    That Incentive Interest shall continue for a further twenty-four months after repayment at a rate of 4% (four percent);

    d.    That assuming no exercise of a call premium, the offering shall be paid in full three years or 36 months from the date of issuance;

    e.    That the use of proceeds from the offering is to retire in full the existing Access Television $1.6 million senior debt payable to Gladstone Capital and for general working capital purposes including the launch of Amari.

    f.    That the Amari product will be launched in the first quarter of 2009;

(See Exhibit "B", pg. 5)

    15.    During the solicitation and execution of the Agreement, defendant was operating in New York and communicated with plaintiff by telephone and e-mail from New York the benefits of investing in Pacific Media. Plaintiff faxed the final executed Agreement to defendant in New York.

    16.    In March 2009, plaintiff signed the Agreement and deposited a $100,000.00 check payable to Pacific Media into a bank account specified by defendant. (See Exhibit "A"). On

numerous occasions plaintiff advised defendant that the money used for the investment had been saved for his children's education.

17.     In September 2009 plaintiff received from Pacific Media the first and only interest payment of $2,547.95.  Thereafter, no interest payments were made by Pacific Media.  (A copy of a draft, dated September 4, 2009 payable to Carlo Serrano from Pacific Media Direct is attached hereto as Exhibit "C").

18.     Upon information and belief, at all times material to this complaint, defendant knew or should have known that Amari was not capable of generating sales as stated in connection with the private placement offering.  (See Exhibit "B").

19.     Upon information and belief, at all times material to this complaint, defendant knew or should have known that no proceeds from the private placement offering would be used to retire any of the term loan obligations as stated in connection with the private placement offering.  (See Exhibit "B").

20.     Upon information and belief, at all times material to this complaint, defendant knew or should have known that interest would not be paid quarterly at a rate of 6.00% and would not be senior to all existing and future debt of Pacific Media as stated in connection with the private placement offering. (See Exhibit "B").

21.     Upon information and belief, at all times material to this complaint, defendant knew or should have known that Pacific Media would not pay any incentive interest as stated in connection with the private placement offering. (See Exhibit "B").

22.     Upon information and belief, at all times material to this complaint, defendant knew or should have known that Pacific Media would not be capable of paying any Incentive

5

Keith D. Silverstein, P.A. ● 1177 Kane Concourse, Suite 230 ● Bay Harbor Islands, FL 33154
(T) (305) 868-0200 ● (F) (305) 868-1045

Interest for any period after repayment of senior notes as stated in connection with the private placement offering. (See Exhibit "B").

23. Upon information and belief, at all times material to this complaint, defendant knew or should have known that plaintiff would not be re-paid in full three years or 36 months from the date of issuance as stated in connection with the private placement offering. (See Exhibit "B").

24. Upon information and belief, at all times material to this complaint, defendant knew or should have known that the use of proceeds generated from the private placement offering would not be used to retire any part of the existing Access Television $1.6 million senior debt payable to Gladstone Capital as stated in connection with the private placement offering. (See Exhibit "B").

25. Upon information and belief, at all times material to this complaint, defendant knew or should have known that the proceeds generated from the private placement offering would not be used for general working capital as stated in the private placement offering. (See Exhibit "B").

26. Upon information and belief, at all times material to this complaint, defendant knew or should have known that the proceeds generated from the private placement offering would not generate sufficient working capital in order to achieve the results stated in connection with the private placement offering. (See Exhibit "B").

27. Upon information and belief, at all times material to this complaint, defendant knew or should have known that the Amari product was not capable of being launched in the

first quarter of 2009 as stated in connection with the private placement offering. (See Exhibit "B").

28. During the two (2) years following plaintiff's investment in Pacific Media, plaintiff received e-mails from defendant with various false and misleading updates on the Amari project. According to defendant, the Amari project was undergoing laboratory testing, market research studies, and defendant was exploring various sales outlets and business partnerships to promote the product's distribution and sale. In fact, Pacific Media was not undergoing such testing or engaging in market studies of the Amari project. Defendant discontinued working on Amari as of January, 2012 but did not advise plaintiff of that fact until May 2012.

29. The above described communications from defendant were employed by defendant to delay and forestall plaintiff's inquiry into defendant's fraud. As a result of the delay caused by defendant's lies and deceit, Pacific Media was given sufficient time to file for chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Southern District of Florida, *In re: Pacific Media Direct, LLC*, Case No. 12-26998-AJC in or about July 2012.

## COUNT I

### VIOLATION OF SECTION 10(b) AND 10b-5(a), (b), (c) OF THE SECURITIES AND EXCHANGE ACT OF 1934

30. Plaintiff incorporates by reference, re-alleges and repeats each of the allegations set forth in paragraphs 1 through 29 above.

31. Defendant, by the use of means or instrumentality of interstate commerce or of the mails, sold securities representing an equity interest in Pacific Media.

32. Defendant was the primary and direct violator and made, or caused to be made, the false and deceptive statements, as set forth above, to plaintiff.

7

33.     Defendant, directly and indirectly, by the use of means of instrumentalities of interstate commerce and/or of the United States mail, engaged in and participated in a continuous plan, scheme or course of conduct to deceive plaintiff as alleged herein, with respect to their purchase of securities.

34.     Defendant knew or, but for their deliberate recklessness, should have known, that the statements and omissions contained in the Confidential Memorandum were materially false, but made the false statements to plaintiff anyway.  Defendant made these misrepresentations and omissions with intent to deceive or defraud plaintiff with respect to defendant's true objectives.

35.     Plaintiff reasonably relied upon defendant's misrepresentations in light of defendant's position within Pacific Media and defendant's long-standing social relationship with plaintiff.

36.     Defendant's misrepresentations and omissions contained in the Confidential Memorandum were made in connection with a purchase or sale of securities, as the deceptive practices alleged herein persuaded plaintiff to invest in Pacific Media in ignorance of defendant's scheme to embezzle funds from Pacific Media and without disclosure of material terms, risks of the investment or informed consent.

37.     Rather than benefiting Pacific Media, defendant served his own personal interest over and above those of Pacific Media, in contravention of said section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

38.     Defendant had actual knowledge of the misrepresentations and/or omissions of material fact made to plaintiff or acted with deliberate reckless disregard for the truth in that he failed to ascertain and to disclose the true facts, even though such facts were available to him.

Keith D. Silverstein, P.A. ● 1177 Kane Concourse, Suite 230 ● Bay Harbor Islands, FL 33154
(T) (305) 868-0200 ● (F) (305) 868-1045

39. Defendant's misrepresentations and/or omissions contained in the Confidential Memorandum were intentional or reckless and were uttered for the purpose of enriching himself at plaintiff's expense.

40. As a result of these fraudulent, deceptive, false and misleading practices, plaintiff advanced the funds described in paragraph 16 above.

41. Had plaintiff known of the materially false information or been told the truthful facts, he would not have made the investment and advanced the funds described in paragraph 16 above.

42. Moreover, through his position of control of Pacific Media, defendant was able to and did control the content of the statements disseminated to plaintiff contained in the Confidential Memorandum.

43. In addition to the false statements, and in furtherance of this unlawful scheme, plan and course of conduct, defendant, individually took the actions set forth above. While in possession of material information, defendant (a) employed devices, schemes and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices and a course of conduct which operated as a fraud and deceit upon the purchasers of securities, in violation of Section 10(b) of the Securities and Exchange Act and Rule 10b-5.

44. Defendant violated Section 10(b) of the Securities and Exchange Act and Rule 10b-5(a), (b) and (c).

45. Defendant's material misrepresentations and omissions proximately caused plaintiff to suffer monetary damage through loss of plaintiff's initial investment.

Keith D. Silverstein, P.A. ● 1177 Kane Concourse, Suite 230 ● Bay Harbor Islands, FL 33154
(T) (305) 868-0200 ● (F) (305) 868-1045

WHEREFORE, plaintiffs demand judgment against George H. Henry for damages, interest, costs, attorney's fees and any relief which the Court deems just.

## COUNT II
## VIOLATION OF FLORIDA STATUTES § 517.301

46. Plaintiffs incorporate by reference, re-allege and repeat each of the allegations set forth in paragraphs 1 through 29, above.

47. Defendants violated Florida Statutes § 517.301, which provides that, generally, it is unlawful, and a violation of the provisions of the Florida Securities and Investor Protection Act, for a person in connection with the rendering of any investment advice or in connection with the offer, sale, or purchase of any investment or security, including any security exempted from registration and including any security sold in an exempted transaction, directly or indirectly to: (1) employ a device, scheme, or artifice to defraud; (2) obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a person.

48. Florida Statutes § 517.211(2) provides as follows:

> Any person purchasing or selling a security in violation of § 517.301. and every director, officer, partner, or agent of or for the purchaser or seller, if the director, officer, partner, or agent has personally participated or aided in making the sale or purchase, is jointly and severally liable to the person selling the security to or purchasing the security from such person in an action for rescission, if the plaintiff still owns the security, or for damages, if the plaintiff has sold the security.

49. Defendant personally participated, or aided in making the sale of the shares to plaintiff.

50. Pursuant to Florida Statutes § 517.211(4), plaintiff is entitled to a return of the $100,000, initial investment plus interest, less amounts actually received in connection with the investment in Pacific Media.

51. Additionally, pursuant to Florida Statutes § 517.211(6), plaintiff is entitled to his reasonable attorneys' fees.

WHEREFORE, plaintiff respectfully request that judgment be entered against defendant George H. Henry for damages, prejudgment and post-judgment interest at the maximum rate allowed by law, attorneys' fees, court costs, and any other relief this Court deems fair and just.

## COUNT III
## FRAUD (DAMAGES)

52. Plaintiff incorporates by reference, re-allege and repeat each of the allegations set forth in paragraphs 1 through 29 above.

53. Defendant made, or caused to be made, the statements and/or omissions set forth above, to plaintiff.

54. As set forth above, the statements and/or omissions contained in the Confidential Memorandum were false and defendant knew the statements were false.

55. Defendant made, or caused to be made, the statements and/or omissions contained in the Confidential Memorandum with the intent of inducing plaintiff to invest in Pacific Media and Access Television through the Subscription Agreement.

56. Plaintiff reasonably relied on the statements and/or omissions of the defendant and contained in and/or omitted from the Confidential Memorandum, by investing in Pacific Media as set forth in paragraph 16 above.

57.  Plaintiff was damaged to the extent of his investment.

58.  Defendant's fraudulent acts were willful, wanton, and malicious, and plaintiff seeks punitive damages.

WHEREFORE, plaintiff demands judgment against defendant George H. Henry for compensatory damages in an amount to be proved at trial; punitive damages, pre-judgment interest, costs, and any other just and equitable relief the Court deems appropriate.

## JURY TRIAL DEMAND

59.  Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: December 11, 2012

        Respectfully submitted,

        **KEITH D. SILVERSTEIN, P. A.**
        1177 Kane Concourse, Suite 230
        Bay Harbor Islands, Florida 33154
        Telephone: (305) 868-0200
        Facsimile: (305) 868-1045
        keith.silverstein@gmail.com

        By: /s/ Keith D. Silverstein
            Keith D. Silverstein, Esq.
            Florida Bar No. 086820
        *Attorneys for Plaintiff*