## UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

No. 12-CV-24367-MORENO

CARLO SERRANO

     *Plaintiff*

v.

JULIAN AND GEORGE HENRY
as representatives of the Estate of
George H. Henry

     *Defendants.*

---

### ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

This is an action for securities fraud under Section 10(b) of the Securities and Exchange Act and Florida's Securities and Investor Protection Act. The case has experienced significant delays due to Defendant George H. Henry's deteriorating health and eventual death. Trial was originally set for September 23, 2013, but Mr. Henry filed an emergency motion to stay the case in July, 2013 while he was being treated for pancreatic and liver cancer. The Court closed the case for statistical purposes at that time, and Mr. Henry passed away on April 17, 2013. Mr. Henry's former counsel, Ramon de la Cabada, filed a death certificate with the Court on May 8, 2014.

On September 18, 2014, the Court reactivated the case from civil suspense, and on October 16, 2014, the Court granted Plaintiff Carlo Serrano's motion to substitute the Estate of George H. Henry as a party in the case. The Estate now moves for reconsideration of the Court's Order substituting the Estate for Mr. Henry. After considering the motion and the pertinent portions of the record, it is

ADJUDGED that the Estate's Motion for Reconsideration is DENIED.

Absent an intervening change in controlling law or the availability of new evidence, the Court will only grant a motion for reconsideration to correct clear errors of law or to prevent manifest injustice. *See Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). In this case, the Estate believes that the Court's Order substituting the estate was a clear error of law because Mr. Serrano is time-barred from substituting a party for Mr. Henry. Rule 25(a) governs the substitution of parties upon death, and provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Mr. Henry's estate believes that the 90-day substitution clock began running on May 8, 2014, when Mr. de la Cabada filed a death certificate with the Court. For the following reasons, the Court disagrees.[1] Even on a de novo review of the issues raised by the Estate, the Court would again grant Mr. Serrano's motion for substitution.

Rule 25(a) does not elaborate on what constitutes "service of a statement noting the death," but the Court is persuaded by the weight of authority indicating that, for the purposes of Rule 25(a), Mr. de la Cabada was not authorized to serve a statement noting the death of Mr. Henry once his client passed away. *See Shannon v. Saab Training USA, LLC*, No. 6:08-CV-803-ORL-19-DAB, 2009 WL 2175642, at *1 (M.D. Fla. July 21, 2009) ("[O]nly (1) a party or (2) a successor or representative of the deceased party may file a suggestion of death of a party or a motion to substitute a party."). Even if Mr. de la Cabada did have the authority to serve a

---

[1] The Estate also asks the Court to reconsider its Order in light of the matters pending before the probate court. In declining to do so, the Court notes that any difficulty that Mr. Serrano may have in collecting a judgment is not a concern for this Court.

statement noting Mr. Henry's death, Mr. de la Cabada did not serve the statement in the manner required by Rule 25(a) because he did not serve Mr. Henry's successors or representatives with the suggestion of death. *See Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) ("[A] careful reading of the rule coupled with an understanding of its function leads to the conclusion that . . . the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute.").

Regardless of Rule 25(a)'s mechanical requirements, the Court would grant Mr. Serrano an extension of the 90-day substitution requirement because he justifiably relied on the Court's order staying the case and placing it in civil suspense due to Mr. Henry's failing health. During that time, the Court stayed all activity (and pertinent deadlines) until the case was restored on September 18, 2014.

DONE AND ORDERED in Chambers at Miami, Florida, this 13th day of March, 2015.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record