UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
No. 12-CV-24367-MORENO

CARLO SERRANO,

      *Plaintiff,*

v.

JULIAN AND GEORGE HENRY
as representatives of the Estate of
George H. Henry,

      *Defendants.*

## ORDER DENYING DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

This is an action for securities fraud under Section 10(b) of the Securities and Exchange Act, Florida's Securities and Investor Protection Act,[1] and Florida common law arising from Plaintiff Carlo Serrano's $100,000 failed investment in Decedent George H. Henry's company, Pacific Media Direct. In order to support his claims, Mr. Serrano must establish that Mr. Henry made a material misrepresentation to Mr. Serrano with the knowledge that it was false. Mr. Serrano presents the Court with Mr. Henry's Offering Memorandum (D.E. 1-4), which outlines certain financial benchmarks for Pacific Media Direct, and Mr. Henry's deposition testimony (D.E. 31-1) in which Mr. Henry discussed the known risks associated with an investment in his company. Mr. Henry's Estate now moves for summary judgment on all three counts because, according to the Estate, Mr. Serrano has not offered any evidence of fraud, deceit, or misrepresentation.

---

[1] Mr. Henry's Estate asks the Court to dismiss Mr. Serrano's Securities and Investor Protection Act claim as barred by the statute's limitations period. Fla. Stat. § 95.11. Finding a genuine issue as to when Mr. Serrano should have been aware of the facts giving rise to his claim, the Court denies Mr. Henry's request with leave to re-raise this argument at trial.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A dispute is material if it "might affect the outcome of the suit," and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For the purpose of the instant motion, the Court "resolve[s] all ambiguities and draw[s] reasonable factual inferences from the evidence in the non-movant's favor." *Layton v. DHL Express (USA), Inc.*, 686 F.3d 1172, 1175 (11th Cir. 2012).

The Estate acknowledges that Pacific Media Direct did not meet each benchmark outlined in Mr. Henry's Offering Memorandum, but believes that the statements in the memorandum are not actionable because they are forward-looking statements (that Mr. Henry believed at the time he published them), and, in any event, Mr. Serrano should have known that the benchmarks were dependent on company performance. Mr. Henry is correct that purely forward-looking statements are not actionable for securities fraud, *see Harris v. Ivax Corp.*, 182 F.3d 799, 803 (11th Cir. 1999), but the Court reads the Offering Memorandum to create a genuine issue of material fact as to whether Mr. Henry's statements may be considered speculation.

For example, the "financing opportunity" outlined in Mr. Henry's Offering Memorandum reads more like a loan solicitation than a stock offering. The memorandum promises that Mr. Henry's company will pay investors quarterly interest at a rate of six percent, and promises to repay the investment in full within two years (all of which did not occur). D.E. 1-4 at 5. These statements are untethered to any performance benchmark, and the Court does not find any cautionary language in this entire section of the memorandum. *C.f. Harris v. Ivax Corp.*, 182

-2-

F.3d 799, 803 (11th Cir. 1999) (holding that a stock issuer must accompany forward looking statements with "meaningful cautionary language"). As such, Mr. Serrano created a genuine issue of fact as to whether Mr. Henry included enough information about the speculative nature of his statements to create an actionable omission. *See Harvey M. Jasper Retirement Trust v. Ivax Corp.*, 920 F. Supp. 1260, 1267 (S.D. Fla. 1995).

The Estate believes that even if the Offering Memorandum contained incomplete or misleading information, Mr. Serrano cannot prove that Mr. Henry possessed the requisite state of mind to commit securities fraud. The Court is cognizant that a defendant's state of mind is an issue generally left for trial. *E.g., Lucas v. Florida Power & Light Co.*, 765 F.2d 1039, 1040–41 (11th Cir. 1985). Even so, Mr. Serrano presented testimony from Mr. Henry indicating he was aware that—contrary to the unequivocal statements in his Offering Memorandum—his company's interest payment rate was dependent on general company performance, and that his Offering Memorandum did not notify investors that they might not receive a stable return on their investment. D.E. 31-1 at 118–19. This testimony is more than sufficient to allow a reasonable fact-finder to conclude that Mr. Henry intended to defraud or mislead Mr. Serrano. *See Provenz v. Miller*, 102 F.3d 1478, 1490 (9th Cir. 1996). Accordingly, the Estate's motion for summary judgment is denied.

Done and Ordered in Chambers at Miami, Florida, this 11 day of September, 2015.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record